JENKS v. BREWSTER et al.

(Circuit Court, S. D. Iowa, E. D. September 12, 1899.)

No. 212.

1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP—ANCILLARY SUIT.

A suit in a federal court to obtain a construction and enforcement of a decree of the same court is ancillary to the former suit, and the court has jurisdiction regardless of the citizenship of the parties.[1]

2. FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION—PARTIES.

After the filing of a mechanic's lien on a packing-house property, the owners contracted with a second party to erect a refrigerating plant therein; the contract reserving title in the builder until the price should be paid. The lienholder brought suit to foreclose his lien in a federal court, not making the second contractor a party. Such suit resulted in a decree and sale of the property, but prior to such decree or sale the second contractor had commenced suit, in a state court having jurisdiction of the subject-matter, to establish his prior claim to the plant built by him, making the lienholder a party thereto. The latter appeared, and subsequently set up the decree of the federal court as a bar to the suit. After the sale of the property a decree was entered in such suit establishing the prior lien of the plaintiff therein on the refrigerating plant. *Held*, that the state court had full jurisdiction, and its decree was binding on the parties thereto, and on the purchaser of the property under the decree of the federal court; public notice of the claim to the refrigerating plant having been given at the sale.

3. JUDICIAL SALE—RIGHTS OF PURCHASER—TAXES.

The fact alone that purchasers of property at tax sale were stockholders in a corporation which then owned the legal title to the property is not sufficient to constitute such purchase a payment of the taxes, in favor of a subsequent purchaser of the property at a foreclosure sale.

This was a suit in equity for the construction and enforcement of a prior decree of the same court.

James H. Anderson, for plaintiff.

James C. Davis, for defendants.

WOOLSON, District Judge. This action is submitted upon an agreed statement of facts. The pressure of official duties will not permit an extended statement of the grounds upon which I reach the conclusions hereinafter stated. The facts relating to actual occurrences are not in dispute. Briefly stated as to each of the main questions involved, the findings and conclusions drawn therefrom are as follows:

1. As to plea to the jurisdiction, I find: (1) That the present bill is ancillary to the suit heretofore decided in this court, and hereinafter more particularly described, to wit, John Gubbins v. A. C. Lautenschlager and William Huttenlocher, No. ——, Equity; decree rendered July 16, 1896. 75 Fed. 615. (2) That under said decree the master commissioner therein named sold the real estate described in said decree, and as therein directed, and plaintiff, Jenks, is the grantee under deed of conveyance duly issued by said master, and brings this suit to have said decree construed and enforced as

---

[1] As to supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.

to his said rights as said grantee. (3) That in said principal suit this court had jurisdiction to render said decree, because of diverse citizenship of the parties thereto; the plaintiff therein, John Gubbins, being at date of commencement thereof a citizen and resident of the state of Illinois, and the defendants, A. C. Lautenschlager and William Huttenlocher, then being citizens and residents of the state of Iowa. (4) That at the commencement of the pending action plaintiff, Jenks, was a citizen and resident of the state of Illinois, and defendants Lautenschlager and Huttenlocher were also citizens and residents of said state of Illinois.

I conclude: (1) That, since the pending suit is ancillary to said principal suit, this court has jurisdiction to hear and determine same, although said named defendants have become, since said decree was rendered in said principal suit, and were at institution of pending suit, citizens and residents of the same state of which plaintiff herein was then a citizen and resident. (2) Decree must pass against said plea to the jurisdiction of this court herein.

2. As to the effect on parties herein of the decree entered in the district court of Lee county, Iowa, I find: (1) That in October, 1891, A. C. Lautenschlager and William Huttenlocher purchased a 10-acre tract of land near Ft. Madison, Iowa, intending to erect thereon an establishment for meat-packing purposes. In January, 1892, one John Gubbins contracted to furnish materials and work for a refrigerating plant to be by said Gubbins placed in said establishment, which establishment said Lautenschlager and said Huttenlocher erected on said tract of land. Gubbins placed such plant therein, and on July 8, 1892, duly filed, in accordance with the statutes of Iowa, his mechanic's lien against said real estate and the improvements thereon for such material and labor. Upon August 8, 1892, said Gubbins began suit in this court for foreclosure of such mechanic's lien. In that suit said Lautenschlager and Huttenlocher were made sole defendants. Such suit was prosecuted to decree, which was entered therein upon July 16, 1896. Under such decree the said premises were duly sold on September 2, 1896, and certificate of sale issued to one W. C. Nevin, who assigned said certificate to plaintiff, Jenks, who now is the holder of deed duly issued to him upon said certificate. At said sale, and before the property was sold, notice was publicly given that under the Fred W. Wolf Company contract, hereinafter specially stated, the refrigerating plant then in said packing establishment, and which had been there placed by said Wolf Company, was claimed to be the property of said Wolf Company, and did not pass under said sale to the purchaser thereat. (2) Upon July 12, 1892, said Lautenschlager and Huttenlocher contracted with the Fred W. Wolf Company for a refrigerating plant for said establishment, to be placed in said packing establishment in place of the said refrigerating plant theretofore placed therein by said Gubbins. This Wolf & Co. contract was made before any work was commenced on the plant therein contracted for, and before any materials for such plant had been placed in said packing establishment. Such contract provided that, "until purchase price is fully paid in cash, the property rights of the plant" should remain in said

Fred W. Wolf Company. After the work provided for in this contract had been performed by said Wolf Company, the contract was duly filed for record, to wit, on December 19, 1892. Upon September 14, 1894, said Wolf Company brought suit in the district court in and for Lee county, Iowa, wherein said Wolf Company claimed a large amount of contract price as yet unpaid; alleged that, under the contract last above stated, the plant so by it placed in said establishment was and remained personal property, and the title thereto remained under said contract in said Wolf Company; and prayed a decree either awarding such plant to be returned to it, or that the same be sold, and proceeds applied to payment of said unpaid contract price. To this suit said Lautenschlager and Huttenlocher, and also said Gubbins and others, were made defendants. In November, 1894, said Gubbins filed his answer therein—first denying that said Wolf Company had any interest in said refrigerating plant, as the same then stood in said establishment; second, averring his mechanic's lien (described in preceding paragraph) covered said plant, said plant having by said Wolf Company been attached to and made a part of said real estate after filing by said Gubbins of his said mechanic's lien, and with full notice to said Wolf Company of said lien; third, setting up the pendency in this court of his said action to foreclose said mechanic's lien, and that this court had therein and thereby obtained, and then had, full and exclusive jurisdiction thereof. After decree had been rendered in this court in said Gubbins mechanic's lien foreclosure, said Gubbins, to wit, on August 2, 1896, filed in said state court an amendment to his said answer, wherein is set out in full said decree, and averred that thereby plaintiff, Wolf Company, was "barred and estopped having or maintaining any suit against said Gubbins as to said property," viz. said refrigerating plant. Pending said Wolf & Co. suit, James C. Brewster was, as trustee, substituted as plaintiff. Decree was entered therein upon May 26, 1897, a copy of which is set out in said agreed statement of facts. In said decree said court, after finding the sum due to Wolf Company under their said contract, further finds as follows:

"The court further finds that in and by virtue of the contract made and entered into on the said 12th day of July, A. D. 1892, the said Fred W. Wolf Company retained the title and right of possession in and to the said property hereinafter described, and that in and by virtue of the said contract the said property hereinafter described retained its character as personal property; and the said plaintiff in this cause is entitled to a special execution restoring to him the possession of the personal property described in said contract of July 12, 1892, free and clear from the claim, right, title, and interest of any of the defendants herein. The court further finds that the said plaintiff, James C. Brewster, as trustee, is entitled to a first lien upon the said personal property described in and set out in the said contract of date July 12, 1892, in the said sum of $9,576.27, together with 6% interest from the 4th day of September, A. D. 1894; said sum being decreed a first lien upon said property, prior, paramount, and superior to the right, claim, or interest of each or any of the defendants herein. * * * It is further ordered and decreed that plaintiff is entitled to a special execution to issue to the sheriff of Lee county, Iowa, authorizing and directing the said sheriff to place the plaintiff in possession of said property, provided that the defendant John Gubbins may redeem said property by paying to the plaintiff, or to the district court of Lee county, Iowa, for his use and benefit, within ten days after the signing of this

decree, the sum of $9,576.27, with interest from the 4th day of September, A. D. 1894, and the costs of this suit, taxed at —— dollars, and upon the payment of said sum by said defendant the lien of plaintiff shall be satisfied, as against said property."

.—(3) That said decree as rendered by said state court stands in its original force, with no appellate proceedings pending. (4) That the district court within and for Lee county, Iowa, as a court of equity, and under the constitution and statutes of said state, had jurisdiction of the general subject-matter in the action above described, wherein the Fred W. Wolf Company was the original plaintiff, and subsequently James C. Brewster, as trustee, was substituted as plaintiff, and John Gubbins and others were defendants; being the action described in paragraph 2 of statement of facts found herein. (5) That said district court of Lee county, Iowa, had acquired in said action jurisdiction over said John Gubbins; said Gubbins, by counsel, appearing therein and pleading to said petition. (6) At the date of the institution of said action in said state court by said Fred W. Wolf Company, the suit was still pending and undetermined which said Gubbins had instituted in this court for the foreclosure of his said mechanic's lien; that hearing in said action in said state court and decision therein were not had until after decree in this court had been entered in this court in said Gubbins foreclosure suit, and said real estate had been sold under the provisions of said foreclosure decree. (7) No attempt is shown to have been made by said Gubbins, in his said foreclosure suit in this court, to have said Wolf Company or said Brewster, who, as trustee, was the substituted plaintiff in said action in said state court, brought as parties into said foreclosure suit, nor any of the issues tendered in said action in said state court actually litigated or decided in said foreclosure suit; and the decree entered in this court in said foreclosure suit does not expressly state or decide the matter so tendered and then at issue in the pleadings filed in said action in said state court.

I conclude: (1) That said district court of Lee county, Iowa, at the date of the decree therein entered in said action then pending therein, wherein said Brewster, as trustee, was plaintiff, and said John Gubbins and others were defendants, had jurisdiction of the subject-matters in issue therein, and of said John Gubbins, with reference thereto, and said decree is binding on this court in this action, and upon plaintiff, Jenks, herein, and said plaintiff is bound thereby; and the question of priority of liens upon the property, to wit, the refrigerating plant in controversy in said action in said state court, and as between said Brewster, trustee, and said plaintiff, Jenks, is not open to inquiry in this action. (2) Upon such issue as tendered herein in petition by said plaintiff, Jenks, and as to his prayer for injunction against said Brewster, trustee, to restrain removal of said refrigerating plant, decree must pass against said plaintiff, Jenks.

3. As to said question of taxes, presented against defendants other than said Brewster, I find: (1) That said real estate, to wit, said packing-house establishment, as described in decree by this court entered in said suit brought by said Gubbins for foreclosure of his said mechanic's lien, was sold for delinquent taxes of the year 1895, to

wit, for the sum of $737.57, upon December 7, 1896, and bid in by one J. W. Albright, to whom certificate of such tax sale was issued; that said certificate has been assigned to, and is now held by, George M. Hanchett, as trustee for S. and J. C. Atlee and defendant Dennis A. Morrison; and that the money with which said Albright bought said real estate at said tax sale belonged in equal proportions to S. and J. C. Atlee and to Dennis A. Morrison. (2) That, the taxes on said real estate having become delinquent for the year 1896, said Hanchett, as trustee, and for the use and benefit of said S. and J. C. Atlee and said Dennis A. Morrison, and as the holder of said tax-sale certificate, and with money belonging in equal proportions to said S. and J. C. Atlee and said Dennis A. Morrison, paid such delinquent taxes, to wit, the sum of $608.40. (3) That defendant Samuel Atlee was in 1894, and still is, a member of the firm of S. & J. C. Atlee. (4) That at the time of said purchase at said tax sale, and of said payment of said subsequent taxes, said Samuel Atlee and said Dennis A. Morrison were, and ever since have been, stockholders and directors in a corporation known as the Ft. Madison Stock-Yards Company. (5) That on December 20, 1894, A. C. Lautenschlager & Co., to whom on November 25, 1892, said A. C. Lautenschlager and said William Huttenlocher had conveyed the said real estate, to wit, said packing-house property, conveyed to said Ft. Madison Stock-Yards Company said real estate above described. (6) I do not find that there existed any understanding, arrangement, or agreement between the said Ft. Madison Stock-Yards Company and said S. & J. C. Atlee, or the said Samuel Atlee, or said Dennis A. Morrison, that said purchase at said tax sale, or said subsequent purchase of taxes, was to inure to the benefit of, or was in any wise made for or on behalf of, or at the instance or request of, said Ft. Madison Stock-Yards Company, nor that said Ft. Madison Stock-Yards Company had any interest in the moneys so expended in said tax-sale purchase or subsequent payment, nor that said money, or any part thereof, was to be refunded to said S. & J. C. Atlee or said Morrison by or on behalf of said stock-yards company.

I conclude: (1) That the fact that said Samuel Atlee and Dennis A. Morrison were at date of said tax-sale purchase and subsequent payment, and ever since have been, stockholders and directors in said Ft. Madison Stock-Yards Company, furnishes no sufficient grounds to authorize decree, as prayed by plaintiff herein, declaring said tax-sale purchase or said subsequent tax payment to have been made for or on behalf of, or that same inures to the benefit of, said stock-yards company; thereby becoming, as to plaintiff herein, merely the payment of taxes by the holder of the legal title to said real estate. (2) As to the matter of said tax sale and subsequent payment, decree herein must pass against plaintiff.

Decree ordered dismissing bill at costs of plaintiff.